UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel.
FAYIZ M. HADID and FAYID M. HADID,
a/k/a FRED HADID

      Plaintiffs,

          v.              CIVIL ACTION NO. 5:04 CV 60146
                            HON. MARIANNE O. BATANNI

JOHNSON CONTROLS, INC. and
READINESS MANAGEMENT
SUPPORT, LC,

      Defendants.

_____/

UNITED STATES' CONCURRENCE IN DISMISSAL WITHOUT
PREJUDICE OF ANY FALSE CLAIMS ACT CAUSE OF ACTION

    The United States of America, by its attorneys, Craig S. Morford, United States Attorney for the Eastern District of Michigan, and Carolyn Bell Harbin, Assistant United States Attorney, states the following in connection with the Stipulation and proposed Order to Dismiss Plaintiff's False Claims Act Cause of Action Without Prejudice:

    1. The False Claims Act ("FCA") permits a private party (called a "Relator") to bring suit to recover damages allegedly suffered by the United States due to false claims and other specified misconduct. <u>See</u> 31 U.S.C. § 3730(b). Under the FCA, the action is filed under seal, and remains under seal for at least 60 days during which time the United States may elect to intervene and assume primary responsibility for prosecuting the case. Because the United States is the true party in interest in a False Claims Act case, even when the United States Department of Justice does not take over the prosecution of a False Claims Act case, the False Claims Act

states that the parties to a qui tam action can dismiss the action only with the consent of the Department of Justice. 31 U.S.C. § 3730(b)(1).

    2. The caption in the above case is styled as if the complaint herein were filed pursuant to the False Claims Act, and Count II of the complaint refers to the False Claims Act in its title, and at paragraph 27. Nevertheless, the complaint does not set forth an action to recover damages allegedly suffered by the United States due to false claims or other acts prohibited by the FCA. Moreover, the case was not filed under seal, and defendants were served with the complaint and summons immediately after the case was filed, all of which is inconsistent with the procedures governing qui tam cases. See 31 U.S.C. § 3730 (b).

    3. For the reasons set forth above, the United States had concluded that it is not a party in interest in connection with the above-case. However, to the extent that the complaint states any cause of action pursuant to the False Claims Act, the United States consents to a dismissal of such False Claims Act action without prejudice.

                                    Respectfully submitted,

                                    CRAIG S. MORFORD
                                  United States Attorney

                                  /s CAROLYN BELL HARBIN (P27350)
                                  211 W. Fort Street, Suite 2001
                                  Detroit, Michigan 48226
                                  Carolyn.Bell-Harbin@usdoj.gov

Dated: October 7, 2004

**CERTIFICATION OF SERVICE**

      I hereby certify that on October 7, 2004, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

      I further certify that I have mailed by U.S. mail a copy of same to the following non-ECF participants:

Raymond Guzall, III
Barry A. Seifman, PC
30665 Northwestern Hwy Ste 255
Farmington Hills, MI  48334


John F. Birmingham, Jr.
Foley & Lardner
150 W Jefferson Ave Ste 1000
Detroit, MI  48226


                                                s/Carolyn Bell Harbin
                                                Assistant U.S. Attorney
                                                211 W. Fort St., Ste. 2001
                                                Detroit, MI  48226
                                                Phone:  (313) 226-9114
                                                E-mail: carolyn.bell-harbin@usdoj.gov
                                                (P27350)