CLOSED

FILED
JUL - 7 2005
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, ex rel. FAYIZ M. HADID, AND FAYIZ M. HADID a/k/a FRED HADID,

Plaintiffs,

v.

JOHNSON CONTROLS, INC. and READINESS MANAGEMENT SUPPORT LLC,

Defendants.
_______________________________________/

CASE NO. 04-60146

HON. MARIANNE O. BATTANI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Before the Court is Defendants Johnson Controls, Inc. ("JCI") and Readiness Management Support, LLC's ("RMS") Motion to Dismiss, or, in the Alternative, to Transfer Venue (Doc. # 7). Defendants argue that the Court lacks personal jurisdiction over Readiness Management Support L.C. ("RMS") and that Defendant Johnson Controls, Inc, ("JCI") is not a proper party to the lawsuit. Defendants ask this Court to transfer this case to the Northern District of Florida on the basis of improper venue, or, in the alternative, for the convenience of the parties and in the interest of justice.

The Court heard oral argument on November 2, 2004. For reasons more fully stated on the record at a hearing held on November 2, 2004, the Court found that it lacked personal jurisdiction over Defendant RMS in the absence of the existence of an alter-ego relationship between Defendants. Therefore, the Court allowed limited discovery on the issue of the Defendants' relationship and instructed the parties to file supplemental briefs at the close of the discovery period. Those briefs have been filed and reviewed by the Court.

For the reasons stated below, the Court GRANTS in part and DENIES in part Defendants' Motion and TRANSFERS this action to the United States District Court for the Northern District

of Florida.

## I. STATEMENT OF FACTS

Plaintiff, Fayiz M. Hadid, entered into an employment relationship with Defendant RMS, a Florida-based company, in December 2002. According to Hadid, he learned of RMS through Sam Farhat, an RMS employee, who gave Hadid's name and phone number to RMS. Hadid asserts that he was hired during a phone conversation, then traveled to Florida to sign an employment agreement with RMS, pursuant to which he worked as a engineer in the Middle East. Pl.'s Ex. 8, Hadid Aff. at ¶ 8; see Defs.' Ex. A, Employment Agreement. RMS terminated the contract shortly before it was due to expire. According to RMS, Plaintiff improperly solicited cash payments from other contractors. Plaintiff alleges that he was terminated because he advised the United States government that Defendants' proposals were inflated by millions of dollars. Compl. at ¶ 21,

Plaintiff filed this law suit in which he asserts claims against RMS and JCI for breach of contract and violation of the Michigan Whistleblowers' Protection Act,[1] Mich.Comp.L. § 15.361 et seq. According to Plaintiff, JCI and RMS are one and the same company.

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the sufficiency of the jurisdictional facts regarding the existence of personal jurisdiction over a defendant. The plaintiff has the burden of establishing the existence of personal jurisdiction. Chandler v. Barclays Bank PLC, 898 F.2d 1148, 1151 (6th Cir. 1990). When a court decides whether it has personal jurisdiction on the basis of written submissions alone, the plaintiff "may not rest on his pleadings to answer the movant's affidavits, but must set forth, by affidavit or otherwise . . . specific facts showing that the court has jurisdiction." Serras v. First Tennessee Bank Int'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989). If a plaintiff's pleadings and affidavits state the facts with sufficient particularity, a court must ignore contrary assertions by a defendant. Id. at 1215. "Dismissal is proper only if all the specific facts which the plaintiff. . .alleges collectively fail to state a prima facie case for jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

---

[1]Plaintiff also pleaded a violation of the Federal False Claims Act, Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., which has been dismissed without prejudice pursuant to the parties' stipulation.

Because this Court is relying only on the pleadings and affidavits of the parties, the plaintiff "need only make a prima facie showing of jurisdiction." Id. In the absence of an evidentiary hearing, the "court will not consider facts proffered by the defendant that conflict with those offered by the plaintiff." Id. The Court views the facts in the light most favorable to the nonmoving party. Serras, 875 F.2d at 1214.

## III. ANALYSIS

### A. May the Court exercise personal jurisdiction over RMS?

When a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, as is the case here, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the [forum's] state's long-arm statute[2] and if the exercise of personal jurisdiction would not deny the defendant due process. See Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002) (quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 954 F.2d 1174, 1176 (6th Cir. 1992)). In Green v. Wilson, 455 Mich. 342, 350-51, 565 N.W.2d 813, 816-17 (1997), the Michigan Supreme Court clarified that the statute does not automatically extend to the limits of the Due Process Clause; consequently, if a defendant's conduct is not covered by the statute, there is no need to conduct a due process analysis. If it is covered, they share the same outer boundary. The parties do not address whether the long-arm statue is satisfied so the Court assumes that it is and addresses only whether the exercise of personal jurisdiction over RMS comports with due process.

Under the Due Process Clause of the Fourteenth Amendment, "[a] state court may exercise personal jurisdiction over a nonresident defendant so long as there exists 'minimum contacts' between the defendant and the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)). In the Sixth Circuit, such jurisdiction is established only when the following three conditions are satisfied:

---

[2]There is no contention that the Court has general jurisdiction over RMS, only limited jurisdiction. The Michigan long-arm statute extends "limited" jurisdiction over non-resident corporations pursuant to M.C.L. 600.715, which provides that limited jurisdiction will exist between a corporation or its agent and the forum state in claims "arising out of the act or acts which create [certain] relationships[,]" including "the [defendant's] transaction of any business within the state." Id.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

Calphalon Corp. v. Rowlette, 228 F.3d 718, 721 (6th Cir. 2000) (citing Southern Mach. Co. v. Mohasco Indust., 401 F.2d 374, 381 (6th Cir. 1968)).

**1. Purposeful availment**

The United States Supreme Court has expressed that the " 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quotations omitted). "'Purposeful availment' is something akin either to a deliberate undertaking to do or cause an act or thing to be done in Michigan or conduct which can be properly regarded as a prime generating cause of the effects resulting in Michigan, something more than a passive availment of Michigan opportunities. The defendant will have reason to foresee being 'haled before' a Michigan court." Audi AG & Volkswagon of Am., Inc. v. D'Amato, 314 F.Supp.2d 734, 742 (E.D. Mich. 2004) (citation omitted).

[T]he existence of a contract with a citizen of the forum state, standing alone, will not suffice to confer personal jurisdiction over a foreign defendant. Burger King, 471 U.S. at 478. Rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing...must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Id. at 479. Further, "[t]he unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984).

Here, Plaintiff maintains that the Court has limited personal jurisdiction over RMS because RMS contacted Plaintiff by phone to tell him he was hired and began his employment while he was in Michigan. See Pl.'s Ex. 8, ¶ 1. Plaintiff asserts that he should not be expected to conduct his lawsuit in Florida when he resides in Michigan, and RMS contacted him. In addition, Plaintiff

contends that the "Long Term Assignment" label in the employment agreement evidences a continuing relationship that subjects RMS to jurisdiction in Michigan. The Court disagrees.

It is undisputed that RMS is incorporated in Florida. RMS has no offices, facilities or employees in Michigan. At most, RMS, through an intermediary, solicited Hadid's resume and application for employment for an oversees job assignment. Hadid was residing in Michigan at the time, but it appears that he traveled to Florida to sign the employment contract. Even viewing the facts in the light most favorable to Plaintiff, the Court cannot hold that RMS, by entering into a contract with a Michigan resident purposefully availed itself of the benefits and protections of Michigan law. See Kerry Steel, Inc. v. Paragon Indus. Inc., 106 F.3d 147, 151 (6th Cir. 1997) (finding no purposeful availment where defendant had no employees or offices in Michigan, and no employee had ever been in Michigan for the purpose of conducting business).

**2. Cause of action**

The parties disagree as to whether the terminated contract was the contract that resulted from RMS's phone call to Plaintiff or a second contract that was negotiated in the Middle East. For purposes of this motion, the Court assumes that Plaintiff correctly characterizes the contract as an "extension" of the original contract. The Court nevertheless finds that Plaintiff's cause of action does not arise out of RMS' activities in Michigan. The facts supporting this decision include the following: Plaintiff signed his contract in Florida and worked on assignment overseas; the contract did not contemplate any future consequence in Michigan; Plaintiff did not perform any duties in Michigan; and the decision to terminate Plaintiff's contract occurred in Florida while Plaintiff was overseas. Plaintiff's causes of action are neither connected to nor arise from RMS' contact with Michigan. See Youn v. Track, Inc., 324 F.3d 409, 419 (6th Cir. 2003) ("the 'arising from' requirement is satisfied if the cause of action is 'related to' or 'connected with' the defendant's forum contacts").

**3. Nature of connection**

In Int'l Tech. Consultants, Inc. v Euroglas S.A., 107 F.3d 386, 395-96 (6th Cir. 1997), the Sixth Circuit examined contacts similar to those here, albeit for a difference cause of action, and found them insufficient to establish personal jurisdiction. In that case the defendants had

communicated with the plaintiff in Michigan by letter, telephone and facsimile. The court nevertheless held that the defendant was not trying to exploit any market for its products in Michigan and would have been pleased to communicate with the plaintiff wherever he wished. Id. The Court likewise should not exercise jurisdiction over RMS based on its limited contact with Michigan. RMS merely needed to hire an engineer; it would have been pleased to contact Plaintiff regardless of his location. It cannot be said that RMS's contact with Michigan was substantial enough to render the exercise of jurisdiction over it reasonable.

In sum, the Court finds that it lacks personal jurisdiction over RMS because Plaintiff fails to make a prima facie showing of personal jurisdiction under all three elements of the Mohasco test. The Court therefore directs its attention to whether RMS should be treated as an alter ego of JCI for purposes of jurisdiction.

**4. Piercing the corporate veil**

In the alternative, Plaintiff observes that JCI created RMS "to coordinate contingency support as part of the Air Force Contract Augmentation Program, which supports noncombatant operations worldwide." See Pl.'s Ex. 2. Based upon that fact, Plaintiff concludes that for purposes of jurisdiction Defendants are one and the same. Based upon that representation, the Court allowed the parties to engage in limited discovery in order to ascertain whether Plaintiff could make even a prima facie showing that RMS's acts may be attributed to JCI, thereby justifying the exercise of jurisdiction over RMS in Michigan. Plaintiff's conclusion is not supported by the facts, even when viewed in the light most favorable to Plaintiff.

Courts have long presumed the institutional independence of related corporations. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333 (1935); Schwartz v. Electronic Data Sys., 913 F.2d 279 (6th Cir. 1990); Wells v. Firestone Tire & Rubber, Co., 421 Mich. 641, 364 N.W.2d 670 (1984). "When formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent. Schwartz, 913 F.2d at 283. Consequently, personal jurisdiction over RMS does not arise merely because the forum state properly asserts jurisdiction over JCI. Furthermore, unless the plaintiff clearly shows otherwise,

the Court will presume that companies holding themselves out as parent and subsidiary are in fact separate entities. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1273-74 (6th Cir. 1998).

Michigan courts have generally required that a subsidiary must "become 'a mere instrumentality' of the parent" before its separate corporate existence will be disregarded. Maki v. Copper Range Co., 121 Mich.App 518, 524, 328 N.W.2d 430 (1982). Anything short of that type of relationship is not enough because in a typical parent/subsidiary relationship, the parent, by definition, is able to exert control over a subsidiary based on its ownership. Id.

In this case, JCI is the parent company of Johnson Controls World Services, Inc., which is the parent company of RMS.[3] As a parent company, it is not liable for the acts of subsidiaries absent a showing of complete identity between the parent and the subsidiary. The evidence advanced by Plaintiff on that issue falls short of his burden. Specifically, Plaintiff relies upon the following facts: JCI provided health care and dental benefits[4] to Plaintiff; see Pl.'s Ex. 2, provided ethics courses, which Plaintiff needed to complete prior to employment; see Pl.'s Exs. 3, 4, concurred with JCI as to Plaintiff's compensation and employment; see Pl.'s Ex. 5 (e-mail from Linda G. Ramsey, Senior Manager of JCI Human Resource Operations), and provided Plaintiff's COBRA coverage, see Pl.'s Ex. 6.

To rebut Plaintiff's contention that JCI and RMS are alter egos, Defendants offer undisputed testimony showing that corporate formalities have been observed. According to RMS Chairman, Dwight Clark, RMS maintains its own financial records and bank accounts; has its own bylaws and board of directors; determines its own policies and decisions; and maintains its own office in Florida. Clark Decl. at ¶ 5. Moreover, the persuasive value of Plaintiff's evidence is minimal: the relationship of owner to owned/parent to subsidiary contemplates a close financial connection and certain degree of direction and management. Broad oversight is acceptable, and the provision of administrative services by a parent for a subsidiary does not

---

[3]Neither party addresses the significance of the successive links in the corporation ownership; therefore, the Court assumes for purposes of this motion that JCI is the parent of RMS.

[4] Johnson Controls World Services, Inc. is identified on the dental plan, not JCI.

trigger personal jurisdiction over RMS. The facts here create no inference that JCI exercised pervasive or continual control so that RMS was nothing more than its instrumentality. What is missing from Plaintiff's proofs is evidence that JCI directed the day-to-day operations of RMS. Based upon the facts presented to the Court, only one conclusion can be drawn: there is no basis for piercing the corporate veil as a means to exercise personal jurisdiction over RMS.

**B. Is JCI a proper party to this law suit?**

Because there is no basis for piercing the corporate veil, Defendants assert that JCI is not a proper party to this lawsuit and, therefore, must be dismissed. Defendants note that JCI is not a party to the employment contract and that it had no involvement in the government contracts described in the Complaint.

Although Defendants do not identify the procedural rule upon which they seek dismissal, the standards under Fed.R.Civ.P. 12(b)(6) govern this request. A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a plaintiff's claims, and a court considering such a motion must "construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996). A complaint should not be dismissed unless a plaintiff can prove no set of facts in support of her claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The relevant allegations contained in the Complaint are sparse. Plaintiff makes one allegation as to the relationship of Defendants: "RMS is a wholly owned subsidiary of JCI." Pl.'s Ex. 1, ¶ 3. Although this allegation, standing alone, is insufficient to establish a basis for bringing in JCI as a defendant in this lawsuit, the Complaint also includes allegations reflecting Plaintiff's position that both RMS and JCI were his employer. See e.g. Compl. at ¶¶ 6-13. Moreover, in his subsequent pleadings, Plaintiff articulates more explicitly his contention that RMS and JCI were joint employers.

In this case, Plaintiff's theory is legally sufficient. Further, the exhibits provided by Plaintiff to dispute this motion demonstrate that a basis to question the nature of the relationship between Plaintiff and Defendants exists. JCI provided courses, benefits and concurred with a

"completion bonus." Pl.'s Ex. 5. In addition, Plaintiff contends that JCI holds itself out to the public as RMS, and points to a Monster.com website as evidence. There has been no discovery on the issue of whether JCI is a joint employer, a determination that is fact intensive. Accordingly, Defendants' motion for dismissal of JCI is denied.

**C. Is Venue in the Eastern District of Michigan proper?**

Subject matter jurisdiction in this case is based on both federal question and diversity; therefore, venue is analyzed pursuant to 28 U.S.C. § 1391(b). Under § 1391(b), when jurisdiction is not founded solely on diversity of citizenship a civil action

> may. . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Id. Plaintiff bears the burden of proving that venue is proper. Audi AG & Volkswagen of Am., Inc. v. Izumi, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002). In cases with multiple defendants, venue must be proper with respect to each and every defendant. IA, Inc. v. Thermacell Technologies, Inc., 963 F.Supp. 697, 700 (E.D.Mich. 1997).

For purposes of the venue statute, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." See Schultz v. Ary, 175 F.Supp.2d 959, 965 (W.D. Mich. 2001); 28 U.S.C. § 1491(c). RMS does not reside in Michigan. Therefore, even though JCI resides in Michigan, this judicial district is not appropriate, and Section (b)(1) is unavailable as a basis for venue. Further, Plaintiff may not rely on subsection (b)(2) because a substantial part of the events giving rise to Plaintiff's claims did not occur in Michigan. Plaintiff was employed outside of Michigan, the events leading to his termination occurred outside of Michigan, and the decision to terminate Plaintiff was made outside of Michigan. Finally, venue is not proper under § 1391(b)(3) because although JCI is found here, there is another district where this lawsuit may be brought.

In their motion, Defendants request that the Court dismiss the case or in the alternative transfer this case to the Northern District of Florida, pursuant to 28 U.S.C. § 1406(a) or

§1404(a).[5] Although the Court indicated at oral argument that it was inclined to dismiss the case in the absence of personal jurisdiction over RMS, upon further reflection, the Court finds that the interests of justice are better served by transferring this matter to a district where it might have been brought.

Section 1406(a) allows a district court to grant a change of venue when venue was improper in the original forum. Specifically, section 1406(a) provides that a district court with a case "laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Unlike section 1404(a), however, section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (utilizing section 1406(a) to transfer a case where there was both improper venue and lack of personal jurisdiction in the transferor forum). Thus, Section 1406(a) authorizes the district court to transfer a case to avoid an obstacle to adjudication on the merits due to lack of personal jurisdiction or improper venue.

In situations where venue is proper for one defendant but not for another, the court may transfer the entire case to another district that is proper for both defendants or sever the claims. Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 296 (3d Cir. 1994). Here, the conduct of RMS is central to the claims raised by Plaintiff, and the Court concludes that the better course of action is to transfer the action in its entirety to the Northern District of Florida. The Northern District of Florida is an appropriate forum and there is no contention before this Court that venue would not be proper with respect to both Defendants.

## V. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' request to dismiss JCI. The Court further finds that it lacks personal jurisdiction over RMS, but that the interests of justice

---

[5]Under 28 U.S.C. §1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

are better served by GRANTING Defendants' request to change venue.

Accordingly, this matter is TRANSFERRED to the United States District Court for the Northern District of Florida.

IT IS SO ORDERED.

MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: JUL - 7 2005

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to Raymond Guzall, III and John Birmingham on this date by ordinary mail and electronic filing.

Deputy Clerk